IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

APOLINAR SANTIAGO-ALBARRAN,      )
                                 )
            Petitioner,          )
                                 )
     v.                          )     1:12CV381
                                 )     1:09CR410-1
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )

**MEMORANDUM OPINION AND ORDER**

*Pro se* Petitioner Apolinar Santiago-Albarran moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 28.)[1] For the reasons set forth below, Santiago's motion will be denied and the case will be dismissed.

I.  BACKGROUND

On May 27, 2010, Santiago pleaded guilty to Counts Two and Four of a superseding indictment charging possession with intent to distribute cocaine hydrochloride under 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) and possession of a firearm in furtherance of a drug-trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i). On October 13, 2010, Santiago was sentenced to twenty-four months of imprisonment and a consecutive sentence of sixty months of imprisonment, respectively. (Doc. 15.) His appeal was unsuccessful. See United States v. Santiago-Albarran, 433 F. App'x 170, 172 (4th Cir. 2011).

---

[1] This and all subsequent record citations are to case no. 1:09CR410-1.

Following his appeal, Santiago filed his current § 2255 motion and a supporting brief. (Docs. 28, 29.) His § 2255 motion raises four grounds for relief. (Doc. 28.) The United States filed a response with an affidavit of Santiago's trial counsel (Doc. 33), and Santiago filed a reply with his own affidavit, (Doc. 35.) The matter is now ready for consideration.

**II. ANALYSIS**

Santiago's motion raises the following grounds: First, he contends that his plea was not knowing and voluntary because his counsel met with him for only one hour and forty-five minutes and threatened him into signing the plea agreement without the opportunity to read it. (Doc. 28 at 4.) Second, he contends that counsel was ineffective during the plea phase because of an inadequate investigation, failure to investigate defenses, erroneous advice as to the sentence, and coercion to sign the plea. (Id.) Third, Santiago contends that counsel was ineffective at the sentencing hearing because of inadequate preparation and failure to object to the sentence based on the calculation of the drug amount. (Id. at 4-5) Fourth, Santiago claims that counsel was ineffective on appeal for failing to challenge the evidence as to calculation of the drug amount. (Id. at 5.) Santiago elaborates on these grounds in his memoranda, which will be addressed below.

A petitioner collaterally attacking his sentence or

2

conviction must prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, . . . that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255; see also Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); Almon v. United States, 302 F. Supp. 2d 575, 579 (D.S.C. 2004).  The court construes Santiago's *pro se* motions liberally.  See Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1298 n.20 (4th Cir. 1992).  The record supporting the § 2255 motion will be considered in its entirety.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance.  See Strickland v. Washington, 466 U.S. 668, 687–88 (1984).  A petitioner bears the burden of affirmatively showing both deficient performance and prejudice.  See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994).  A petitioner is not entitled to a hearing based upon unsupported, conclusory allegations.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), as amended (Aug. 12, 1992) (holding that, in order to obtain an evidentiary hearing, a habeas petitioner must come forward with some evidence that the claim might have merit), abrogation on other grounds recognized by Yeatts

3

v. Angelone, 166 F.3d 255, 261 n.4 (4th Cir. 1999).

### A.  Ineffective Assistance of Counsel Claim Relating to Guilty Plea

Santiago's first two grounds relate to his plea.  When a petitioner raises an ineffective assistance claim in the context of a guilty plea, he must show that the attorney's performance fell below the standard of attorney competence — "reasonably effective assistance."  Strickland, 466 U.S. at 687.  "Judicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.  Second, to show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that, but for counsel's allegedly deficient conduct, he would not have pleaded guilty but would have gone to trial.  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances."  Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486 (2000)).  This determination is an objective one and is "dependent on the likely outcome of a trial had the defendant not pleaded guilty."  Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007).

Where "a defendant is represented by counsel when making his guilty plea, that plea is presumed valid when later attacked in a habeas corpus proceeding.  In order to rebut that strong presumption of validity, the defendant must make a factual showing

4

that his plea of guilt was not voluntary and intelligent." United States v. Custis, 988 F.2d 1355, 1363 (4th Cir. 1993) (citation omitted), aff'd, 511 U.S. 485 (1994). "[S]tatements of fact by a defendant in Rule 11 proceedings may not ordinarily be repudiated, and, similarly, findings by a sentencing court in accepting a plea constitute a formidable barrier to attacking the plea." United States v. Wilson, 81 F.3d 1300, 1308 (4th Cir. 1996) (quoting United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992)) (quotation marks omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221–22 (4th Cir. 2005).

Here, Santiago contends that his counsel, Assistant Public Defender Mireille Clough, only met with him for a total of one hour and forty-five minutes, presented him with the plea agreement "which he [sic] insisted he sign without reading or explanation," "communicat[ed] threats from prosecutors of [an] excessive sentence," "failed to give an adequate explanation of [the] elements of [the] offense," (Doc. 29 at 2, 4), failed to investigate the amount of cocaine involved, and gave erroneous advice about the calculation of the drug amount (Doc. 28 at 4.)

5

Ms. Clough has filed an affidavit in which she details her research and investigation of Santiago's case, her review of the Government's file, and her discussions of that evidence and the Defendant's evidence with Santiago. (Doc. 33-1.) Ms. Clough also states that she met with Santiago on at least seven separate occasions before the date of his plea and at least three separate occasions thereafter before his sentencing. (Doc. 33-1 at 6-7.) On each occasion, she states, she met with Santiago "for at least an hour," and she also states that her paralegal met with Santiago on April 5, 2010, as well. (Id. at 7.)

Santiago has also filed an affidavit. (Doc. 35-1.) He states that Ms. Clough never made it clear to him that he had a "right to plea [sic] not guilty and pursue a trial." (Id. at 1.) He says further that she met with him four times prior to his plea, and he specifically denies having met on two of the occasions Ms. Clough identifies. (Id.) Rather, he states, the only meeting to discuss the plea lasted twenty minutes. (Id.)

Starting with Santiago's claim based on the time Ms. Clough spent on his case, these contentions clearly lack merit. Santiago raised this claim previously, and the court specifically addressed this issue several weeks before his plea. (See Doc. 21.) During a May 3, 2010 evidentiary hearing in which Santiago sought the appointment of new counsel, Ms. Clough provided a detailed account of her meetings with Santiago (who is fluent in English) and her

6

investigation, concluding that she had spent approximately six and one-half hours with Santiago, or more. (Id. at 10-11.) After Ms. Clough's detailed account, the following colloquy occurred:

> THE COURT: Mr. Albarran, do you disagree with anything that Ms. Clough has said about the work she has done in your case?
>
> THE DEFENDANT: No, Your Honor.

(Id. at 11.) On that record, the court found as fact that Ms. Clough had spent "at least six and a half hours" with Santiago on "at least six separate occasions." (Id. at 12.) The court also found that Ms. Clough had "diligently made efforts to represent her client" and that "there is no indication of any lack of preparation in the case." (Id.) Thus, Santiago's claim of ineffective assistance based on insufficient time spent with him is refuted by his own admission at the evidentiary hearing.

Santiago's remaining claims similarly lack merit. Santiago claims that he was pressured to enter the pleas and was unaware of his right to plead not guilty, the effect his plea, the elements of the offense, and the possible sentence. But Santiago's Rule 11 plea colloquy precludes these allegations. (See Doc. 20.) During his plea hearing, the following exchanges occurred:

> THE COURT: And did you receive a copy of the indictment that's pending against you?
>
> THE DEFENDANT: Yes, sir.

\* \* \*

7

THE COURT: And have you read the superceding [sic] indictment with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand the superceding [sic] indictment and the charges that are pending against you?

THE DEFENDANT: Yes, sir.

THE COURT: Have you fully discussed the charges in the superceding [sic] indictment in the case in general with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had sufficient time to speak with your attorney about your case?

THE DEFENDANT: Yes, sir.

\* \* \*

THE COURT: Are you fully satisfied with the services of your attorney including her counsel and representation of you and the advice that she has rendered to you?

THE DEFENDANT: Yes, sir.

\* \* \*

THE COURT: Did you read and understand the plea agreement before you signed it?

THE DEFENDANT: Yes, sir.

\* \* \*

THE COURT: Have you had sufficient opportunity to read your plea agreement and review it with your lawyer?

THE DEFENDANT: Yes, sir.

8

*   *   *

   THE COURT:        So you completely understand the terms of your
                     plea agreement?

   THE DEFENDANT: Yes, sir.

                              *   *   *

   THE COURT:        Now, has anybody made any threats or promises
                     to you other than those contained in the plea
                     agreement in an effort to get you to plead
                     guilty?

   THE DEFENDANT: No, sir.

   THE COURT:        Has anybody in any way attempted to force you
                     to plead guilty against your own wish?

   THE DEFENDANT: No, sir.

(Id. at 7-8, 11-12, 13.)

   The court then reviewed the elements of the offenses and the maximum penalties, and it cautioned Santiago that any estimate of the potential sentence that counsel may have provided was only an estimate and was not binding on the court. (Id. at 14-18, 21-22.) The court further explained Santiago's rights under the United States Constitution, including specifically his right to plead not guilty to any or all of the pending offenses and to put the Government to the burden of proceeding to a trial by jury (which is repeated in Santiago's plea agreement). (Id. at 18-20; Doc. 14 at 4.) Santiago stated under oath that he understood all of this information. (Id. at 15-18, 22). His claims relate to these topics are therefore precluded by his Rule 11 hearing.

9

Santiago also claims that his counsel failed to properly explain how the drug quantity would be determined. Ms. Clough candidly admits that she did not advise Santiago that the money seized during his arrest could be converted into a drug quantity at sentencing, (Doc. 33-1 at 3), despite the fact that it was entirely proper for the court to do so, see United States v. Hicks, 948 F.2d 877, 882-83 (4th Cir. 1991).

This omission does not provide Santiago relief, however, because the court advised him prior to his guilty plea that it might ultimately impose a guideline range (and sentence) that differed from any estimate provided by his attorney. (Doc. 20 at 17-18.) An attorney's "bad advice regarding sentencing possibilities" does not prejudice a defendant so long as his guilty plea was based on risk information given by the sentencing court. Estelle v. United States, No. 5:12-CR-20-6, 2015 WL 5016475, at *10 (N.D.W.V. Aug. 24, 2015) (citing United States v. Craig, 985 F.2d 175, 179-80 (4th Cir. 1993). This is particularly true in Santiago's case because the fifteen to twenty-one month estimate provided by Ms. Clough overlapped with the twenty-one to twenty-seven month guideline range ultimately adopted by the court.[2] (See Docs. 33-1 at 3, 22 at 11.) Thus, regardless of whether Ms. Clough's failure to alert Santiago to the potential significance

---

[2] The court also notes that Santiago's sentence has since been retroactively reduced to eighteen months, well within Ms. Clough's estimated range. (Doc. 39.)

10

of the seized money fell below the applicable standard, Santiago cannot show a reasonable probability that, but for this omission, he would not have pleaded guilty.

Finally, Santiago alleges that Ms. Clough falsely claims to have reviewed the factual basis of the guilty plea with him before his plea hearing. (Doc. 35-1 at 1.) At the plea hearing, however, the court specifically asked Santiago whether he agreed with the factual basis, and Santiago told the court he did:

> THE COURT: Mr. Santiago, have you read the factual basis?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And do you agree with Ms. Clough that you agree with the factual basis apart from that question of whether you were running out of the house.
>
> THE DEFENDANT: Yes, sir.

(Doc. 20 at 24-25.)

For all these reasons, Santiago's first and second grounds fail to provide relief.

### B. Ineffective Assistance of Counsel Claim as to Sentencing

Santiago's third ground for relief relates to his sentencing. He contends generally that his counsel was ineffective for failing to object to an "enhancement" of his sentence that violated his plea agreement, and for failing to investigate the drug quantity, which he claims was "diluted." (Doc. 28 at 4-5, Doc. 35-1 at 1.) He claims that Ms. Clough falsely advised the court that there

11

were no objections to the presentence report, (Doc. 35-1 at 1), which he claims attributes to him a greater amount of drugs than he accepted in his plea, (Doc. 29 at 5.)

None of Santiago's claims contravenes his plea agreement. In his plea agreement, Santiago acknowledged the statutory penalties applicable to the counts of conviction, and there was no agreement as to any drug amount. (Doc. 14.) Santiago was sentenced well within the statutory maximums.

Further, Santiago's objection to the drug amount in the presentence report lacks merit. Nowhere does he provide any evidentiary basis for any conclusion other than that reached by the presentence report and ultimately found by the trial court. Both the presentence report and the court held him accountable for 51.6 grams of a mixture or substance containing a detectable amount of cocaine hydrochloride and $3,460 in proceeds, which was converted into 113.4 grams of cocaine hydrochloride, for a total of 165 grams of cocaine. (Doc. 36-1 at 4, Doc. 22 at 11.) This conversion was proper, as noted.

Santiago's only other claim is that the drug amount was "diluted." (Doc. 28 at 4.) This ignores statutory provisions that permit punishment for "a mixture or substance containing a detectable amount" of cocaine hydrochloride. 21 U.S.C. § 841(b)(1). The Sentencing Guidelines similarly prescribe offense levels based on "the entire weight of any mixture or

12

substance containing a detectable amount of the controlled substance." United States Sentencing Commission, Guidelines Manual, § 2D1.1(c) n.(a) (Nov. 2009). Santiago fails to provide any basis to conclude that the court's determination was improper or that his counsel's actions were deficient. Thus, his third ground for relief fails.

**C.  Ineffective Assistance of Counsel Claim as to Appeal**

Claims of ineffective assistance of counsel on appeal are also judged through the Strickland test. See Lawrence v. Branker, 517 F.3d 700, 708-09 (4th Cir. 2008). Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 752-54 (1983); see also Evans v. Thompson, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel pursued sound strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Ineffective assistance of appellate counsel can be shown by demonstrating that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Bell v. Jarvis, 236 F.3d 149, 180 (4th Cir. 2000) (Motz, J., dissenting) (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)); United States v. Fox, No. 94-6710, 1996 WL 359574, at *2 (4th Cir. 1996) (unpublished).[3]

---

[3] Unpublished opinions of the Fourth Circuit are not accorded precedential value but "are entitled only to the weight they generate

13

Santiago's fourth ground alleges that counsel was ineffective for failing to challenge the attribution of an amount of cocaine "THREE TIMES LARGER THAN the amount on Petitioner and the amount to which he admitted in the plea" and failing to investigate Petitioner's contention that "even the lower amount was substantially diluted and raised 2 levels of his sentence." (Doc. 28 at 5.) These claims are the same as those raised in Santiago's earlier claims. For the reasons noted, Santiago has not demonstrated that counsel was ineffective on any basis alleged, including for failing to challenge the drug amounts and the conversion of cash to a drug amount. Nor was counsel ineffective for failing to challenge whether the drug amount was "diluted." And, as noted, the plea agreement is silent on drug quantity; therefore, Santiago's allegation based on some understanding that the plea agreement was somehow violated is unfounded.

Having reviewed all of Santiago's claims, the court concludes that counsel was not ineffective for not raising these arguments on appeal.

**III. CONCLUSION**

For the reasons stated herein,

IT IS THEREFORE ORDERED that Santiago's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc.

---

by the persuasiveness of their reasoning." Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (citation omitted).

28) is DISMISSED WITH PREJUDICE.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is not issued.

                                                /s/    Thomas D. Schroeder
                                            United States District Judge

September 29, 2015